_____

No. 95-2066
_____

United States of America,       *
                                *
          Appellee,             *
                                *  Appeal from the United States
     v.                         *  District Court for the
                                *  Eastern District of Missouri.
DeWayne Claiborne,              *
                                *  [UNPUBLISHED]
          Appellant.            *


_____

Submitted:  January 25, 1996

Filed:  February 14, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

DeWayne Claiborne appeals the sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine base (crack) with intent to distribute on October 17, 1994, in violation of 21 U.S.C. § 841(a)(1).  We affirm.

In addition to Claiborne's sale of crack on October 17, Claiborne's presentence report (PSR) described other incidents during September and October 1994 in which Claiborne possessed crack or another seller divided crack-sales proceeds with him. Based on the amount of crack Claiborne sold on October 17 and the amounts involved in the other described incidents, the PSR recommended holding Claiborne accountable for a total of 2.24 grams of crack.  Over Claiborne's objection that the other incidents did not constitute relevant conduct, the district court adopted the

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

PSR's offense-level calculation and sentenced him to 30 months imprisonment, the bottom of the Guidelines range.

In this timely appeal, Claiborne relies on United States v. Logan, 54 F.3d 452, 455 (8th Cir. 1995) to support his argument that the district court erred in adopting the facts set forth in the PSR without holding an evidentiary hearing to address his objection, and without requiring the government to produce evidence proving the facts in question by a preponderance of the evidence. The government argues that no error occurred, and contends further that Claiborne waived the right to appeal his sentence in his plea agreement.

We agree with the government that the district court was not required to hold an evidentiary hearing to address Claiborne's objection, because he did not dispute the occurrence of the events detailed in the PSR; instead he challenged their legal significance, arguing that the facts at issue did not constitute relevant conduct. Cf. United States v. Rodamaker, 56 F.3d 898, 902 (8th Cir. 1995) (district court not required to hold evidentiary hearing when defendant does not challenge facts in PSR, but only challenges inference to be drawn from facts). Because Claiborne did not raise any challenge to the facts set forth in the PSR, his reliance on Logan is misplaced. See Logan, 54 F.3d at 455 (when defendant objects to factual allegation in PSR, district court may not adopt PSR's challenged facts until objection has been heard and government proves accuracy of facts by preponderance of evidence); cf. United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (district court may accept as true all factual allegations in PSR not objected to by parties).

Based on the undisputed facts, the district court did not clearly err in finding that the other incidents described in the PSR constituted relevant conduct because they were either reasonably foreseeable acts in furtherance of jointly-undertaken

-2-

criminal activity, or they were part of the same course of conduct or common scheme or plan as Claiborne's offense of conviction.  See U.S.S.G. § 1B1.3(a)(1), (2); United States v. Ballew, 40 F.3d 936, 943 (8th Cir. 1994) (standard of review), cert. denied, 115 S. Ct. 1813 (1995); United States v. Young, 992 F.2d 207, 210 (8th Cir. 1993) (noting that undisputed facts in PSR indicated defendant's actions were part of same course of conduct or common scheme or plan); see also United States v. Sheahan, 31 F.3d 595, 599 (8th Cir. 1994) (citing U.S.S.G. § 1B1.3, comment. (n.9) for proposition that two or more offenses are part of common scheme or plan if they share a common factor, such as common purposes or similar modus operandi).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.